UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHANA MARIE KELLY,

Plaintiff,

v.

SAN FRANCISCO CITY AND COUNTY
DEPARTMENT OF PUBLIC HEALTH
LAGUNA HONDA HOSPITAL,

Defendant.

Case No. 24-cv-08568-ASK

**ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO
DISMISS FIRST AMENDED
COMPLAINT**

Re: Dkt. Nos. 35, 38, 40

Plaintiff Shana Marie Kelly has filed an Amended Complaint against the City and County of San Francisco ("Defendant" or the "City") renewing and, in certain places, expanding allegations that she made in her original Complaint. Dkt. No. 32 ("FAC"); *see* Dkt. No. 1 ("Compl"). The City has moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and to strike parts of the pleading under Rule 12(f). Dkt. No. 35 ("Mot."). Kelly has opposed. Dkt. No. 38 ("Opp'n"). The City has replied. Dkt. No. 40 ("Reply").

The Court decides this matter without oral argument pursuant to Civil L.R. 7-1(b). For the reasons set forth below, the Court grants the Motion in part and denies it in part.

## I.    BACKGROUND

This case concerns claims that Kelly has brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, for race discrimination, a hostile work environment, and retaliation arising from her employment as a staffing assistant at Laguna Honda Hospital in San Francisco. *See generally* Compl. The Court dismissed her original race discrimination and hostile work environment claims with leave to amend. Dkt. No. 30 at 31. It denied dismissal as to her original retaliation claim and granted her leave to amend should she wish to plead additional instances of retaliation. *Id.* at 29. It also dismissed with prejudice a claim that she had made for

United States District Court
Northern District of California

punitive damages. *Id.* at 31.

In the FAC, Kelly repeats many of the allegations that she raised in her Complaint, which the Court has already summarized in detail. Dkt. No. 30 at 2–10. She makes various minor additions to her allegations with respect to her race discrimination and hostile work environment claims, *see* FAC at ¶¶ 7, 11, 16–17, 36, 49, and significantly expands her allegations with respect to her retaliation claim, *see id.* at 26–31, ¶ 16.

## II.    LEGAL STANDARD

The Court applies the familiar standard under which a plaintiff must state a facially plausible claim to relief to survive a 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## III.    DISCUSSION

### A.    Race discrimination and hostile work environment claims

Kelly's pleading only minimally amends her allegations with respect to her race discrimination and hostile work environment claims. The Court dismissed her earlier iterations of these claims owing to failures to exhaust administrative remedies and to plead adequately the elements. *See* Dkt. No. 30 at 11–26. Kelly's additional allegations do not cure these deficiencies, and the Court again grants dismissal as to her race discrimination and hostile work environment claims.

Before suing in district court, plaintiffs in Title VII actions like this one must first "exhaust administrative remedies by filing a charge with the Equal Employment Opportunity Commission (the 'EEOC') or a qualifying state agency and receiving a right-to-sue notice." *Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1104 (9th Cir. 2018) (citing 42 U.S.C. § 2000e-5). The "charge must be filed…within 300 days *after* the alleged unlawful employment practice occurred." *Id.* at 1112 (quoting 42 U.S.C. § 2000e-5(e)(1)) (internal quotation marks omitted). This means that conduct that occurred more than 300 days before the administrative filing generally is not actionable. *Id.* (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122

United States District Court
Northern District of California

(2002) (Title VII "precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period").

A prima facie case for race discrimination requires a plaintiff to show that "(1) the plaintiff belongs to a protected class, (2) he was performing according to his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) similarly situated employees were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 690–91 (9th Cir. 2017) (citations omitted).

To prevail on a hostile work environment claim based on race, a plaintiff must demonstrate that "(1) he was subjected to verbal or physical conduct of a racial nature, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Id.* at 686 (quoting *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003)) (cleaned up). "[U]nder the continuing violations doctrine, acts that fall outside the statutory time period may be actionable." *Scott*, 888 F.3d at 1112 (citing *Morgan*, 536 U.S. at 122).

Kelly amends her race discrimination and hostile work environment allegations in the following areas:

- She sets out the 2019 knife incident and its fallout in more detail, FAC ¶¶ 16–17, and alleges that afterwards another employee involved in the incident, Joan Saez-Fontilla, was treated preferentially, *id*. ¶ 17.

- She describes more fully her communications with the EEOC and raises an equitable tolling argument, which, she contends, makes certain claims "timely" owing to delays in scheduling her EEOC intake interview. *Id.* ¶ 7.

- She asserts that being moved from part-time to full-time employment "is considered a promotion" and notes that she "[has] been working full- time hours and not receiving the benefits to match." *Id.* ¶ 11.

- And she adds to her descriptions of Adia Johnson and Alisha Seastrunk, Black colleagues who, she asserts, should not be considered comparable to her for various

United States District Court
Northern District of California

reasons. *Id.* ¶ 36.

Kelly's restated allegations with respect to the 2019 knife incident fail for the same reason as before, *see* Dkt. No. 30 at 15–16: that they are time-barred for failure to submit a timely administrative claim. *See Scott*, 888 F.3d at 1112.

Kelly's equitable tolling argument also fails. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Mitchell v. Off. Depot, Inc.*, No. 24-292, 2025 WL 2017089 (9th Cir. July 18, 2025) (applying the *Pace* standard in a Title VII action), *Scott v. Gino Morena Enters., L.L.C.*, No. 15-CV-550 JLS (WVG), 2016 WL 3924107, at *5 (S.D. Cal. July 21, 2016), *rev'd in part on other grounds Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101 (9th Cir. 2018) (same). Kelly alleges that EEOC staff rescheduled an intake interview from some time after September 12, 2023, to September 19, 2023, because of an EEOC staff member's "exigent circumstances" and illness. FAC ¶ 7. Even when credited, this allegation at most adds seven days to the relevant time period; the discrete acts that she alleges as part of her race discrimination claim predate this cutoff.

Kelly's allegations with respect to performing full-time work with only part-time benefits, which go to her failure to promote and inequitable accrual of benefits theories, do not allege racial motivation. The Court has already found that Kelly's pleading fails to support an inference of discrimination as to those theories, *see* Dkt. No. 30 at 18–19, and these new allegations do not provide grounds for altering that finding.

The same is true of her descriptions of Johnson and Seastrunk.[1] Kelly alleges that there were three 1429 staffers who were promoted to full-time: Seastrunk, May Khine, and Edgar Tolentino. *See* FAC ¶¶ 27–43. The Court has already found that Tolentino was not similarly situated to Kelly because Kelly herself has alleged that she failed to submit an "interest tab" for the full-time role at the relevant time. Dkt. No. 30 at 19. This leaves Seastrunk and Khine as the

---

[1] Johnson and Kelly have different jobs, so are not similarly situated. *See Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003), *as amended* (Jan. 2, 2004) ("individuals are similarly situated when they have similar jobs and display similar conduct").

United States District Court
Northern District of California

possible comparators. The Court has found that the Complaint does not contain allegations with respect to Khine's eligibility for promotion in 2023 that would allow the inference that she and Kelly were similarly situated, Dkt. No. 30 at 18, and the Amended Complaint adds no such allegations. Even if Kelly were to do so, the result—that two comparators were promoted, one of whom shared Kelly's race—is not enough to support an inference of race discrimination absent additional allegations.[2]

For the foregoing reasons, the Court denies Kelly's race discrimination and hostile work environment claims with leave to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

### B. Retaliation

To state a prima facie claim for retaliation, Kelly must show that "she engaged in protected activity, that she suffered a materially adverse action, and that there was a causal relationship between the two." *Westerndorf v. W. Coast Contractors of Nevada, Inc.*, 712 F.3d 417, 422 (9th Cir. 2013) (citations omitted). The Court has already found that Kelly's October 9, 2024, meeting with the EEO and her October 30, 2024, meeting with Dignarice constitute protected activity. Dkt. No. 30 at 27–28. The Court has also found that various actions taken by hospital staff on November 8, 2024, and November 17, 2024, satisfy the adverse employment action and causal relationship prongs and are sufficient to state a retaliation claim. *Id.* at 28–29. The questions before the Court now are whether Kelly's allegations from late 2024 and 2025 may be included in this action and whether Kelly has pled them adequately.

#### 1. Exhaustion

The City has asked the Court to "clarify that Plaintiff's retaliation claim remains limited to the discrete adverse actions the Court previously found plausibly alleged and timely." Mot. at 7. But the retaliatory conduct that Kelly alleges in her Amended Complaint is reasonably related to the retaliation claim that she has already exhausted. In the Ninth Circuit, allegations that are "like

---

[2] Because similarly situated individuals must be "outside [Kelly's] protected class" for the purposes of inferring discrimination, Khine is the only one left. See *Austin v. City of Oakland*, No. 17-CV-03284 YGR, 2018 WL 2427679, at *4 (N.D. Cal. May 30, 2018) (quoting *McCarthy v. Brennan*, 2016 WL 946099, at *4. (N.D. Cal. 2016)).

United States District Court
Northern District of California

or reasonably related to" the exhausted Title VII claim and "consistent with [the] original theory of the case" may be considered. *See Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1205–06 (9th Cir. 2016) (citing *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir.2002)) (reversing a district court's exclusion of allegations of retaliation and remanding for a determination of whether the allegations were reasonably related to the initial charge). The City argues that Kelly's "2025 allegations introduce a new theory of retaliation," Mot. at 14, but this is not the case. To the contrary, her allegations of retaliatory conduct following the October 2024 meetings and continuing through October 2025 are consistent with her original theory and reasonably related to her original claim.

### 2.    Adverse employment action

The question remains whether these additional allegations satisfy the adverse employment action and causation elements. As to adverse employment action, a plaintiff need only show that the alleged retaliatory act "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (cleaned up). Such actions need not be severe. *See McAlindin v. Cnty. of San Diego*, 192 F.3d 1226, 1239 (9th Cir. 1999), *opinion amended on denial of reh'g*, 201 F.3d 1211 (9th Cir. 2000); *Bouman v. Block*, 940 F.2d 1211, 1229 (9th Cir. 1991) (to state a retaliation claim, the plaintiff "need not show that she was fired, demoted or suffered some financial loss as a result" of the employer's action).

Here, Kelly alleges that after the October 9 and 24 meetings she was "subjected to a Threat Assessment on 12/10/24" and then "placed on paid Administrative Leave 12/11/24…and temporarily reassigned to another DPH office with a new schedule and job duties/ role…." *Id.* ¶ 16. She alleges further that the "incongruent work assignments" that she began after she was placed on administrative leave continued "into August of 2025." *Id.* at 26. She contends that "[s]ince January, 2025, I was sent a series of incongruent reassignments continuing a pattern of adverse employment actions, disparate treatment, harassment and retaliation[] that involved incongruent work assignments and schedules significantly impacting and interrupting my life." *Id.* And she alleges that through October 2025 management subjected her to irregular working times,

6

reduced hours, lessened and delayed payment, and insufficient HR support in response to reports of harassing behavior against her. *See id.* at 29–31. Because these acts "might well have dissuaded a reasonable worker from making or supporting a charge of discrimination," Kelly has adequately pled an adverse employment action.

### 3.    Causation

To show causation, Kelly must establish that "her protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013). "Because it is often difficult for plaintiffs to adduce direct evidence of retaliation, causation between protected activity and adverse employment action may be inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." *Pringle v. Wheeler*, 478 F. Supp. 3d 899, 916 (N.D. Cal. 2020) (quoting *Hoko v. Transit Am. Servs.*, No. 14-CV-01327-LHK, 2014 WL 3963033, at *8 (N.D. Cal. Aug. 13, 2014)) (internal quotation marks omitted).

Kelly's allegations of retaliatory acts extending through October 2025 adequately plead causation. "[A] pattern of ongoing retaliation following protected conduct supports a finding of causation." *Adetuyi v. City & Cty. of San Francisco*, 63 F. Supp. 3d 1073, 1090 (N.D. Cal. 2014) (inferring causation based on allegations of ongoing retaliatory activity spanning five years with employer knowledge of protected activity) (citing *Wood v. Dollar Rent–A–Car Sys., Inc.*, 128 Fed.Appx. 620, 622 (9th Cir. 2005)); *see also Pringle*, 478 F. Supp. at *918 (same). The motion to dismiss is denied as to Kelly's retaliation claim.

### C.    Motion to Strike

The City moves the Court to strike Kelly's punitive-damages allegations, improper state-law theories, untimely discrete acts, and new post-2024 allegations as outside the scope of the Court's Order—and the post-2024 allegations for the separate reason that Kelly has failed to exhaust her administrative remedies. Mot. at 7–8. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

The Motion to Strike is granted as to Kelly's request for punitive damages, *see* FAC ¶ 54, and otherwise denied. The Motion is moot as to improper state-law theories and untimely discrete acts, as the race discrimination and hostile work environment claims are being dismissed. The Motion is inapposite as to the post-2024 allegations, as they reasonably relate to Kelly's retaliation claim. *See* Section III(B)(1), *supra*.

## IV.    CONCLUSION

For the foregoing reasons, the City's Motion to Dismiss is granted without prejudice as to Kelly's claims for race discrimination and hostile work environment. The Motion is denied as to Kelly's claim for retaliation. Kelly is granted leave to amend her race discrimination and hostile work environment claims. Kelly may file an amended complaint no later than March 31, 2026.

**IT IS SO ORDERED.**

Dated: March 10, 2026

_____
AJAY KRISHNAN
United States Magistrate Judge

United States District Court
Northern District of California

8